UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SJSM, LLC and RALPH JONES, CONTRACTORS, INC. )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ALLEGIANT BANK, and )<br>NATIONAL CITY BANK OF )<br>THE MIDWEST )<br>)<br>Defendants. ) | Case No. 4:04CV1532SNL |

## ORDER

This matter is before the Court on Plaintiffs', SJSM, LLC ("SJSM") and Ralph Jones Contractors, Inc. ("Jones"), Motion to Remand (#7), Defendants', Allegiant Bank ("Allegiant") and National City Bank of the Midwest ("National City"), Motion to Dismiss Plaintiffs' Petition (#14), and on Plaintiffs' Motion to Clarify (#20). In their Motion to Remand, Plaintiffs argue that this case must be remanded because there is no diversity of citizenship. As Plaintiffs' Motion to Remand raises concerns about this Court's jurisdiction, it will be considered first.

## Background

On or about October 13, 2004, Plaintiffs filed the instant action, Case Number 042-08452, in the Twenty-Second Judicial Circuit for the City of St. Louis, Missouri against Defendants. Subsequently, on or about November 5, 2004, Defendants filed a Notice of Removal of this action to this Court claiming that this Court has original jurisdiction over the current action because there is complete diversity of citizenship among the parties.

Plaintiffs' Petition asserts numerous state law claims against Defendants arising from Allegiant's alleged wrongful negotiation of certain letters of credit provided by Plaintiffs. At the

time that these acts allegedly occurred, Allegiant was a Missouri bank with numerous branches in Missouri.  After these allegedly wrongful actions, Allegiant allegedly merged into National City, a national banking association.  However, after the merger, all aspects of the banks that had been Allegiant or Allegiant branches continued to operate under direction from officers in Missouri.

Plaintiffs assert that the individual representatives of Defendants involved in the underlying actions remain in Missouri and continue to work at the Allegiant Missouri branch locations with which Plaintiffs contracted.  Furthermore, Plaintiffs assert that all of the wrongful actions took place in Missouri, were taken by Missouri residents, were taken at Missouri bank locations, and that all corresponding damages Plaintiffs suffered occurred in Missouri.  Plaintiffs argue that even assuming that Allegiant Bank went out of existence as the result of a merger into National City as Defendants claim, that upon such merger, National city became located in Missouri and thus a citizen of Missouri for diversity jurisdictional analysis.  In summary, Plaintiffs argue that as they are Missouri citizens and Defendants are all Missouri citizens, there is no diversity and this case should be remanded.

## **Discussion**

A civil action brought in state court may be removed to federal court where the federal district court has original jurisdiction. 28 U.S.C. § 1441(a).  Federal district courts have jurisdiction in cases where the amount in controversy exceeds $ 75,000.00, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from the citizenship of each defendant ("complete diversity"). 28 U.S.C. § 1332.  The issue in dispute in this case is whether there is complete diversity because Plaintiffs' contend that they along with Defendants are all Missouri citizens.

Plaintiffs argue that because Defendant National City is a national banking association, not a state incorporated business, its citizenship is governed by 28 U.S.C. § 1348, not 28 U.S.C. § 1332. Plaintiffs assert that, "A national bank 'does not have a state of incorporation because it is organized under Federal Law pursuant to The National Banking Act.'" citing Evergreen Forest Products of Georgia, L.L.C. v. Bank of America, N.A., 262 F.Supp.2d 1297, 1301 (M.D. Ala. 2003). "As a result of this unique organizational structure, Congress enacted a separate jurisdictional statute that addresses the citizenship of national banks. Under 28 U.S.C. § 1348 ... all national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Id.

The text of 28 U.S.C. § 1348 explicitly states the following regarding the citizenship of national banking associations for jurisdictional purposes:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.
>
> All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively *located*. 28 U.S.C. § 1348 (emphasis added)

Plaintiffs urge the Court to apply 28 U.S.C. § 1348 literally and determine that as National City is a national banking association located in Missouri, then under the statute, National City is a Missouri citizen for diversity purposes.[1] In opposition, Defendants urge this

---

[1]Plaintiffs cite the following cases for the proposition that a national bank (like National City) is a citizen of every state in which it has branch locations: Connecticut Nat. Bank v. Iacono, 785 F.Supp. 30 (D.R.I. 1992); First Union Corp. v. American Cas. Co., 222 F. Supp. 2d 767, 770 (W.D.N.C. 2001); Roozenbloom v. U.S. Bank, 2000 WL 249403 (D.Or. 2000) (not reported in F.Supp.2d); Frontier Ins. Co. v. MTN Owner Trust, 111 F.Supp. 2d 376, 376-81 (S.D.N.Y. 2000); Ferraiolo Const., Inc. v. Keybank, N.A., 978 F.Supp. 23, 25-27 (D.Me. 1997); Norwest

Court to deny Plaintiffs' Motion for three reasons: (1) the Fifth, Seventh, and Ninth Circuits have concluded that for diversity jurisdiction purposes, a national bank is a citizen only of the state designated on its organizational documents and the state of its principal place of business;[2] (2) the Office of the Comptroller (the "OCC") has concluded that 28 U.S.C. § 1348 must be construed as providing equal access to federal courts by state and federal banks; and (3) the history and purpose of 28 U.S.C. § 1348 confirm that a national bank's citizenship should be determined in accordance with the same principles applied to state banks and other state corporations.

First, National City's argument that the OCC has determined how 28 U.S.C. § 1348 should be construed is wholly irrelevant. The jurisdiction bestowed upon federal courts is not determined by the OCC or how it believes statutes conferring federal jurisdiction should be construed. Second, this Court finds that the plain and ordinary language of 28 U.S.C. § 1348 is unambiguous; therefore, there is certainly no reason to delve into any analysis of the history and purpose of 28 U.S.C. § 1348 because this Court can glean the purpose of the statute just by reading it. Finally, with respect to this Court's sister circuits, namely the Fifth, Seventh and Ninth Circuits, which are not binding on this Court, this Court respectfully disagrees that the statute in question means anything other than "All national banking associations shall, for purposes of all

---

Bank Minnesota, N.A. v. Patton, 924 F.Supp. 114, 115 (D. Colo. 1996); Signet Bank v. Hitachi Credit America Corp., 1996 WL 33415779 (E.D. Va. 1996) (not reported in F.Supp.); and Silver v. Bank Midwest, N.A., 1996 WL 328737 (D.Kan. 1996) (not reported in F.Supp.).

[2]Defendants have cited the following cases for support that a national bank is not a citizen of every state in which it is located: Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001); Horton v. Bank One, N.A., 387 F.3d 426, 429 (5th Cir. 2004); and American Sur. Co. v. Bank of Cal., 133 F.2d 160, 161-2 (9th Cir. 1943). Defendants also cite contrary authority, Wachovia Bank v. Schmidt, 388 F.3d 414 (4th Cir. 2004), *petition for cert. filed*, 73 U.S.L.W. 3540 (Mar. 04, 2005) (No. 04-1186) (holding that national banking associations be deemed citizens of the states in which they are located for purposes of diversity jurisdiction), but Defendants argue that Wachovia is "far outside the mainstream."

other actions by or against them, be deemed citizens of the States in which they are respectively *located*." 28 U.S.C. § 1348 (emphasis added). Rather, this Court finds the Fourth Circuit's well-reasoned opinion in <u>Wachovia Bank, N.A., v. Schmidt</u>, 388 F.3d 414 (4th Cir. 2004), *petition for cert. filed*, 73 U.S.L.W. 3540 (Mar. 04, 2005) (No. 04-1186) (holding that national banking associations are deemed citizens of the states in which they are located and that national banking associations are located in the state(s) in which they operate branch offices) extremely persuasive. The Court in <u>Wachovia</u> found that § 1348 is unambiguous and that the Fifth and Seventh Circuits rival interpretation of the meaning of the statute in question is little more than judicial assertion of a policy preference in favor of federal forums for national banking associations.[3] Surely, if Congress intended that national banking associations be deemed citizens of the states where they have their principal place of business or citizens of the state designated on their organizational documents (as National City argues), then Congress could have written it in the statute, but it did not.

As National City is a national banking association located in Missouri, it is deemed a citizen of Missouri for diversity jurisdiction purposes pursuant to 28 U.S.C. § 1348. Therefore, as Plaintiffs and Defendants are all Missouri residents, this Court has no jurisdiction over this case, and the Motion to Remand should be granted. All remaining motions should be dismissed for lack of subject matter jurisdiction.

Accordingly,

---

[3]As the Court explained in <u>Wachovia</u>, this policy may be preferable and indeed Congress may ultimately choose to adopt this policy by amending the statutory language, but our task is to interpret the language that Congress has actually enacted, not to anticipate what language it may enact in the future and amend it accordingly. <u>Wachovia Bank, N.A., v. Schmidt</u>, 388 F.3d at 432.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (#7) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Petition (#14) be and hereby is **DISMISSED for lack of subject matter jurisdiction**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Clarify (#20) be and hereby is **DISMISSED for lack of subject matter jurisdiction**.

**IT IS FINALLY ORDERED** that because this Court lacks subject matter jurisdiction over this case, the Clerk of the Court shall remand this case to the Twenty-Second Judicial Circuit Court for the City of Saint Louis, Missouri from which it was improperly removed.

Dated this 10th day of May, 2005.

_/s/ Stephen N. Limbaugh_
SENIOR UNITED STATES DISTRICT JUDGE